IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01902-PAB

CROSS MOUNTAIN RANCH LIMITED PARTNERSHIP,

    Plaintiff,

v.

TOM VILSACK, in his official capacity as
Secretary of the United States Department of Agriculture, *et al.*,

    Defendants.

**ORDER**

This matter is before the Court on defendants' motion for leave to complete the administrative record [Docket No. 25] with the declaration by Rangeland Management Specialist Joshua Voorhis ("Voorhis Declaration") [Docket No. 25-1]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiff initiated this action pursuant to, *inter alia*, the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, challenging a decision by the United States Forest Service to alter the management of livestock grazing in the Williams Fork area of the Routt National Forest near Hayden, Colorado. Plaintiff holds grazing permits in the relevant area which were affected by the modified policy.

In reaching its decision, the Forest Service took vegetation samples, referred to as transects, for analysis. Among other challenges to the Forest Service's decision,

plaintiff contends in its opening brief [Docket No. 23] that, in evaluating these transects, the Forest Service "attempted to compare only the two most predominant species at each site, rather than the whole plant community." Docket No. 23 at 33. In their response brief [Docket No. 26], defendants argue that plaintiff waived this challenge because it was not exhausted during the administrative proceedings. Furthermore, defendants dispute plaintiff's characterization of the analysis conducted, asserting that the Forest Service conducted a subsequent analysis of the data. Defendants, therefore, filed the present motion seeking to add the Voorhis Declaration to the administrative record ("AR") in order to explain that "second analysis" conducted prior to the agency decision.

## II. DISCUSSION

When the Court decides the merits of plaintiff's case, it will have to determine whether the agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Court "will defer to the agency's interpretation of an ambiguous statute 'if it is reasonable in light of the text, the structure, and the underlying purpose.'" *Midwest Crane and Rigging, Inc. v. Federal Motor Carrier Safety*, 603 F.3d 837, 840 (10th Cir. 2010) (quoting *Used Equipment Sales, Inc. v. Dep't of Transp.*, 54 F.3d 862, 865 (D.C. Cir. 1995). The agency's interpretation of its own regulations is entitled to substantial deference. *See id.* (citing *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994)). The Court, however, "need not accept an agency's interpretation if it is 'unreasonable, plainly erroneous, or inconsistent with the regulation's plain meaning.'" *Id.* (citation omitted). When engaging

in this review, the Court is generally limited to the "administrative record that was before the agency at the time of its decision" and "may not rely on litigation affidavits that provide *post hoc* rationalizations for the agency's action." *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) (citations omitted).

Plaintiff contends that the Voorhis Declaration constitutes an improper *post hoc* rationalization of the Forest Service decision. Defendants respond that the Voorhis Declaration falls into an exception to that general rule which, "[i]n order to facilitate judicial review," permits consideration of "affidavits from the agency that provide additional explanations of the reasons for its decision." *Id.* (citing *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973)). In *Camp*, the Supreme Court found that, "[i]f . . . there was [a] failure to explain administrative action as to frustrate effective judicial review, the remedy was . . . to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." 411 U.S. at 142-43. Consideration of such evidence was appropriate because there existed a "contemporaneous explanation," though it "may have been curt." *Id.* at 143. Further articulation of that earlier decision was consistent with the requirement that agency "action must . . . stand or fall on the propriety" of the finding made on the existing administrative record. *Id.*

In this case, the Court finds that consideration of the Voorhis Declaration is appropriate pursuant to *Lewis* and *Camp*. Contrary to plaintiff's argument, the Voorhis Declaration does not provide a *post hoc* rationalization. Rather, it simply recounts the analysis conducted and data considered during the decision making process. *See* AR

at 7436 (where the Forest Service stated in the Final Environmental Assessment that it had "completed a new analysis of the data"); *see also* AR at 7308-7311; AR at 7463-7467 (Appendix B); Docket No. 25-1 (Voorhis Decl.) at 6-7, ¶ 14 (declaring that the data from the second analysis "is reflected in Appendix B of the Final Environmental Assessment"); Docket No. 28 at 5 (where the plaintiff recognizes that the Forest Service "apparently conducted a second analysis of the data which compared a larger 'group' of predominant species to the desired plant community").  The Court "must have before it the 'whole record' on which the agency acted," and that "consists of all documents and materials directly or indirectly considered by the agency."  *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993).  Plaintiff does not call into question that the Voorhis Declaration describes an analysis actually conducted and which was directly considered by the relevant decision makers.  *See Center for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010) ("Determining whether and what documents and materials were directly considered by the relevant decision makers in the decision making process, based on clearly alleged facts, is ordinarily a straightforward proposition."); *The Cape Hatteras Access Preservation Alliance v. United State Department of the Interior*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (concluding that adding materials to the administrative record is justified when "it can be shown that the materials . . . were indeed before the agency").  "Because the . . . declaration . . . 'merely illuminates reasons obscured but implicit in the administrative record,' the Court finds that it would be appropriate to consider the declaration in reviewing the merits of this agency action."  *Seafarers Intern. Union of North America v. United States*, 891 F.

4

Supp. 641, 647 (D.D.C. 1995) (quoting *Dyer v. Blue Cross & Blue Shield Ass'n*, 848 F.2d 201, 207 (D.C. Cir. 1988) (quotation marks, alteration marks, and citation omitted)).

Furthermore, the apparent reason for the failure to include more details regarding the second analysis of the transects also counsels in favor of including the Voorhis Declaration in the AR. As plaintiff admits, plaintiff's objections to the transect analysis "were not clearly raised in its notice of appeal" during the administrative proceedings. Docket No. 35 at 3; *cf.* AR at 7493-7535 (plaintiff's notice of appeal). Regardless of whether the objections were otherwise exhausted during the administrative proceedings,[1] the Court concludes that it would "frustrate effective judicial review" to both consider an objection "not clearly raised in [plaintiff's] notice of appeal" and exclude a more-detailed explanation that the Forest Service would have been able to provide if the objection had been clearly raised. *See* AR 7858-7882 (Forest Service's Responsive Statement addressing each of the issues raised by plaintiff's notice of appeal). Therefore, to the extent plaintiff's objection is later considered in reviewing the Forest Service's decision,[2] the Court deems it appropriate to consider the Voorhis Declaration as part of the AR.

For the foregoing reasons, it is

**ORDERED** that defendants' motion for leave to complete the administrative

---

[1] Plaintiff argues that its challenge was exhausted because it was included in an expert declaration attached to its notice of appeal and in plaintiff's reply to the Forest Service's response. *See* Docket No. 35 at 3-4.

[2] The Court has not determined whether plaintiff waived the objection. That issue will be addressed upon the Court's review of the agency action.

record with the declaration by Rangeland Management Specialist Josh Voorhis [Docket No. 25] is GRANTED.

DATED March 7, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge